UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ELMER DEAN BINKLEY, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:25-CV-250 |
| | ) | |
| v. | ) | Judge Curtis L. Collier |
| | ) | |
| PATRICK TURNER and | ) | Magistrate Judge Christopher H. Steger |
| RYAN NICHOLS, | ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM**

Before the Court are motions to dismiss by Defendants Patrick Turner (Doc. 32) and Ryan Nichols (Doc. 13). Defendant Turner moves to dismiss all of Plaintiff's claims against him under Federal Rule of Civil Procedure 12(b)(6). (Doc. 32.) Plaintiff filed a response in opposition (Doc. 34), and Defendant Turner replied (Doc. 35).

Defendant Nichols also moves to dismiss all of Plaintiff's claims against him under Federal Rule of Civil Procedure 12(b)(6). (Doc. 13.) Plaintiff responded. (Doc. 17.) Many of the claims were cured by Plaintiff's subsequent amended complaints. (Docs. 19, 30.) Only Defendant Nichols's argument that claims against him do not relate back and are time-barred survives.

## I. BACKGROUND AND PROCEDURAL HISTORY[1]

On August 7, 2024, Plaintiff Elmer Binkley ("Plaintiff") experienced a diabetic episode while driving. (Doc. 30 ¶¶ 4–5).[2] Plaintiff's drop in blood sugar caused him to swerve while

[1] This summary of the facts accepts all the factual allegations in Plaintiff's complaint as true. *See Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

[2] Paragraph numbering in the third amended complaint (Doc. 30) restarts under the "Statement of Facts" section. Citations here refer to paragraphs under the "Statement of Facts" section and onward.

driving before coming to a stop on the side of the roadway. (*Id.* at 2.) Law enforcement and emergency medical personnel responded to the scene. (*Id.* ¶¶ 4–5.) Plaintiff informed Tennessee Highway Patrol ("THP") Trooper Ryan Nichols ("Nichols") "he was diabetic and requested sugar [and] Nichols provided candy." (*Id.* ¶ 4.) Medical personnel confirmed Plaintiff experienced a diabetic episode and Plaintiff began improving. (*Id.* ¶ 5.) Despite this, Nichols "acknowledge[ed] signs consistent with impairment but disregard[ed] clear medical evidence of a diabetic episode." (*Id.* ¶ 8.) He proceeded to act on the advice of his supervisor, THP Captain Patrick Turner ("Turner"), and "insisted on pursuing a [Driving Under the Influence] arrest." (*Id.* ¶¶ 7–9.) After Plaintiff was transported to the hospital for a blood draw, he was taken to jail, booked, and required to post bond. (*Id.* ¶ 10.) Subsequently, the charges were dismissed. (*Id.* ¶ 11.)

On August 6, 2025, Plaintiff brought suit against Defendant Nichols pursuant to 42 U.S.C. § 1983. (Doc. 1.) It is undisputed that, the next day, the statute of limitations period ran out. (Doc. 33 at 3; Doc. 34 ¶ 23.) On October 24, 2025, Plaintiff filed an amended complaint naming the State of Tennessee, Tennessee Highway Patrol, Patrolman Nichols, and "One Unidentified THP Superior Officer" as Defendants. (Doc. 6.) Defendants collectively filed a motion to dismiss for lack of jurisdiction on January 12, 2026 (Doc. 13), and Plaintiff responded on January 29, 2026 (Doc. 17).

On February 17, 2026, Plaintiff filed a second amended complaint naming Nichols and "One Unidentified THP Superior Officer" as Defendants in their individual capacities. (Doc. 19.) Plaintiff filed a motion to again amend the complaint on April 8, 2026 (Doc. 28), which the Court granted on April 23, 2026 (Doc. 29). On April 24, 2026, Plaintiff filed a third amended complaint, substituting the "One Unidentified THP Superior Officer" with Defendant Turner. (Doc. 30.)

Defendants State of Tennessee and Tennessee Highway Patrol were dismissed from this lawsuit by the amended complaints.

On June 8, 2026, Defendant Turner filed his motion to dismiss. (Doc. 32.) On June 17, 2026, Plaintiff responded (Doc 34) and on June 24, 2026, Defendant Turner replied (Doc 35.)

On July 1, 2026, Plaintiff submitted a sur-reply. (Doc. 36). Under this Court's Local Rules, "no additional briefs . . . shall be filed without prior approval of the Court, except that a party may file a supplemental brief of no more than 5 pages to call to the Court's attention developments occurring after a party's final brief is filed." E.D. Tenn. L.R. 7.1(d).

The decision to permit a sur-reply is within the Court's discretion. *Cooper v. Panda Express, Inc.*, No. 3:25-CV-80-KAC-DCP, 2025 WL 1727038, at *2 (E.D. Tenn. June 20, 2025) (citing *Key v. Shelby Cnty.*, 551 F. App'x 262, 264 (6th Cir. 2014). "Generally speaking, sur-replies are 'highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'" *Crenshaw v. Portfolio Recovery Assocs., LLC*, 433 F. Supp. 3d 1057, 1063 (W.D. Ky. 2020) (quoting *Disselkamp v. Norton Healthcare, Inc.*, No. 3:18-CV-00048-GNS, 2019 WL 3536038 at *14, 2019 U.S. Dist. LEXIS 129519 at *42 (W.D. Ky. Aug. 2, 2019)). "Even so, the Court may allow such filings '[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'" *Cooper*, 2025 WL 1727038, at *2 (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003).

Here, the sur-reply does not address developments that occurred after the final brief was filed but rather seeks to address issues brought up in Defendant's reply brief. Plaintiff asserts that the sur-reply is necessary because "Defendant's reply rais[ed] new legal authorities and new arguments . . . that were not fully developed in Defendant's original Motion." (Doc. 36 at 1.)

But Plaintiff's sur-reply does not abide by the Local Rule. Plaintiff did not ask for leave of Court to file the brief. Nor does the sur-reply address new developments or abide by the maximum length specification for a permissible supplemental brief. The sur-reply is predominantly concerned with clarifying and reiterating Plaintiff's positions and arguments and responding to or attempting to distinguish Defendant's authorities. Therefore, the Court need not address Plaintiff's sur-reply (Doc. 36).

## II. STANDARD OF REVIEW

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss under Rule 12(b)(6), a court must accept all of the factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Hill v. Blue Cross & Blue Shield of Mich.*, 49 F.3d 710, 716 (6th Cir. 2005)). The court is not, however, bound to accept bare assertions of legal conclusions as true. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In deciding a motion under Rule 12(b)(6), a court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. 556). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

While the statute of limitations is an affirmative defense, when allegations in the complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) ("[D]ismissal is warranted if 'the allegations in the complaint affirmatively show that the claim is time-barred.'") (quoting *Cataldo v. U.S. Steel Corp.,* 676 F.3d 542, 547 (6th Cir. 2012).

## III. DISCUSSION

Defendants each move for dismissal of all claims against them under the theory that Plaintiff's claims are untimely and barred by the applicable statute of limitations. (Doc. 33, Doc. 13.)

"Because § 1983 does not contain a statute of limitations, we look to the state where the events happened and apply its personal injury statute of limitations." *Allen v. Fait*, No. 23-6052, 2025 U.S. App. LEXIS 3581, *3 (6th Cir. Feb. 13, 2025) (quoting *Reguli v. Russ*, 109 F.4th 874, 879 (6th Cir. 2024)). Tennessee law provides a one-year statute of limitations for actions brought under federal civil rights statutes and for personal injury claims including "injuries to the person, false imprisonment, [and] malicious prosecution." Tenn. Code Ann. § 28-3-104(a)(1)(A)–(B).

The statute of limitations period for a § 1983 claim begins to run "when the reasonable person knows, or in the exercise of due diligence should have known, both his injury and the cause of that injury." *Bishop v. Children's Ctr. for Developmental Enrichment*, 618 F.3d 533, 536–37

(quoting *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001)). Plaintiffs bringing § 1983 actions need not "know the 'identity' of the defendants who harmed them to start the statute of limitations . . . ." *Coleman v. Hamilton Cnty. Bd. of Cnty. Comm'rs*, 130 F.4th 593, 603 (6th Cir. 2025) (quoting *Miller v. Cocke County*, 2022 WL 103143, at *2 (6th Cir. Jan. 11, 2022)); *see also Miller* 2022 WL 103143, at *2 ("[T]he limitations clock started for an excessive force claim against unnamed police officers on the date of the incident.") (c*iting Cox v. Treadway*, 75 F.3d 230, 239–40 (6th Cir. 1996)). "The injury itself should put plaintiffs on notice of the need to investigate the identities of the culprits to 'protect' their rights." *Coleman*, 130 F.4th. at 603.

Plaintiff first argues that Defendant Turner was properly added as a party to the litigation under Federal Rule of Civil Procedure 15(c), since the amendment related back to the original complaint. Next, Plaintiff argues that principles of equity and justice should toll the statute of limitations and allow the claims to proceed on the merits.

**A. Relation Back of Amendments**

Under Federal Rule of Civil Procedure 15(c), an amendment may relate back to the date of the original pleading when specific requirements are satisfied. Rule 15(c)(1)(C) states that an amendment which "changes the party or the naming of the party against whom a claim is asserted" relates back only when "the party brought in by amendment (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(i)–(ii). The Court of Appeals for the Sixth Circuit interprets Rule 15(c)(1)(C) to cover amendments that correct "misnomers or misdescriptions," but does not extend it to amendments that add a new party. *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 319 (6th Cir. 2010). The Court of Appeals has "repeatedly held that 'an amendment which

adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" *Zakora v. Chrisman (In re Est. of Zakora)*, 44 F.4th 452, 480 (6th Cir. 2022) (quoting *Asher*, 596 F.3d at 318).

Plaintiff's third amended complaint asserts 42 U.S.C. § 1983 and state law claims for willful malicious prosecution, false arrest, false imprisonment, outrageous conduct, and emotional distress. (Doc. 30 at 1.) The parties do not dispute that the Plaintiff's § 1983 claims began to accrue on August 7, 2024, and thus the statute of limitations period ended on August 7, 2025. (*See* Doc 33 at 3; Doc. 34 ¶ 23.)

The Third Amended Complaint was filed on April 24, 2026—over seven months after the applicable statute of limitations period expired. (Doc. 30.) Defendant Turner alleges the amended complaint does not relate back and the claims against him are therefore time-barred under the statute of limitations. (Doc. 33.) In response, Plaintiff argues that Defendant Turner is not a "wholly new and unrelated party first appearing in the Third Amended Complaint," and therefore, Plaintiff's claims against Defendant Turner relate back to the original filing. (Doc. 34 at 6.)

Plaintiff's argument is not meritorious. Although Plaintiff's prior amended complaints named "One Unidentified THP Superior Officer" as a defendant, this does not save the pleading. Substituting "Patrick Turner" for "One Unidentified THP Superior Officer" is considered a change of party under Rule 15(c)(1)(C), which must satisfy the "mistaken identity" requirement. *See Asher*, 596 F.3d at 319 ("[S]ubstitution of a 'John Doe' defendant with a named party is not a misnomer but a 'change in parties' that does not relate back.") (quoting *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)). To meet this requirement, Plaintiff must demonstrate that the original complaint failed to name Defendant Turner as the result of "an error, misconception, or misunderstanding." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010).

But "[a]n absence of knowledge about whom to sue is not a misunderstanding and thus is not a mistake for the purposes of Rule 15." *Zakora*, 44 F.4th 452, 482; Miller, 2022 WL 103143 at *3 ("The rule's relation-back protections 'were not designed to correct *that* kind of problem.'") (quoting *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012). Here, Plaintiff does not identify an error or mistake as to Defendant Turner's identity; instead, Plaintiff states that Defendant Turner's involvement was unknown "until sometime after Plaintiff's statute had run." (Doc. 34 ¶ 23.) Therefore, Plaintiff's claims against Defendant Turner do not relate back and are time-barred by the statute of limitations.

In addition, Plaintiff's claim that the "Tennessee common law of discovery" extends the limitations period is not applicable. Plaintiff references Tennessee's discovery rule, which controls an action's accrual date. *See Redwing v. Catholic Bishop for the Diocese of Memphis,* 363 S.W.3d 436, 459 (Tenn. 2012). But, the accrual for § 1983 claims is controlled by federal law. *See Bishop*, 618 F.3d at 536.

On the other hand, regarding Defendant Nichols, the amended complaint does relate back. The allegations concerned the same transaction or occurrence as those asserted in the original complaint. Defendant Nichols was named in the original complaint, but only in his official capacity. The second and third amended complaints named Defendant Nichols in his individual capacity. (*See* Docs 19, 30.) Although this technically changed the party, Defendant Nichols knew, or should have known, that an action would be filed against him, and he will not be prejudiced on the merits. *See* Fed. R. Civ. P. 15(c)(1)(C); *Wright v. Louisville Metro Gov't*, 144 F.4th 817, 825 (6th Cir. 2025) ("Rule 15 will provide for relation-back when a plaintiff mistakenly sues . . . an individual defendant in his official capacity rather than in his individual capacity.").

### B. Equitable tolling

Plaintiff claims the statute of limitations should have been equitably tolled because he diligently tried to identify Defendant Turner's identity. "When the statute of limitations is borrowed from state law, so too are the state's tolling provisions." *Bishop*, 618 F.3d at 537. But, unlike many other states and the federal courts, Tennessee does not recognize the doctrine of equitable tolling in civil cases. *Redwing*, 363 S.W.3d at 460. Instead, "Tennessee 'recognize[s] and applie[s] the doctrines of equitable estoppel and fraudulent concealment to toll the running of the statute of limitations.'" *Brooks v. Wilson*, No. 24-6143, 2025 U.S. App. LEXIS 15477, *6 (6th Cir. June 23, 2025) (quoting *Redwing*, 363 S.W.3d at 460). The doctrine of equitable estoppel was not raised by the parties and is inapplicable to the facts of this case.

### C. Fraudulent concealment

Under the fraudulent concealment doctrine, "the limitations clock pauses when 'the defendant has taken steps to prevent the plaintiff from discovering he was injured.'" *Chunn v. Southeast Logistics, Inc.*, 794 F. App'x 475, 477 (6th Cir. 2019) (quoting *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 146 (Tenn. 2001)). Additionally, and as relevant here, it also captures "circumstances in which the defendant engages in conduct intended to conceal the *identity* of the person or persons who caused the plaintiff's injury." *Redwing*, 363 S.W.3d at 462 (emphasis added).

"Under Tennessee law, plaintiff has the burden to establish the exception to the statute of limitations and prove fraudulent concealment." *Miller v. Shults*, No. 3:19-CV-308-TAV-DCP, 2021 WL 2168952 at *5 (E.D. Tenn. May 27, 2021), (citing *Robinson v. Baptist Mem'l Hosp.*, 464 S.W.3d 599, 611 (Tenn. Ct. App. 2014) *aff'd sub nom. Miller v. Cocke Cnty., Tenn.*, No. 21-5585,

2022 WL 103143 (6th Cir. Jan. 11, 2022). A claim of fraudulent concealment consists of four elements:

> (1) that the defendant affirmatively concealed the plaintiff's injury or the identity of the wrongdoer or failed to disclose material facts regarding the injury or the wrongdoer despite a duty to do so;
> (2) that the plaintiff could not have discovered the injury or the identity of the wrongdoer despite reasonable care and diligence;
> (3) that the defendant knew that the plaintiff had been injured and the identity of the wrongdoer; and
> (4) that the defendant concealed material information from the plaintiff by withholding information or making use of some device to mislead the plaintiff in order to exclude suspicion or prevent inquiry.

*Id.* (quoting *Redwing*, 363 S.W.3d at 462–63).

The central question is whether Plaintiff exercised "reasonable care and diligence." In *Pike v. United States*, the plaintiff "engaged in repeated diligent efforts to obtain the identities of the [unknown] Deputized Officers." 868 F. Supp. 2d 667, 672 (M.D. Tenn. 2012). He "attempted to learn their identities from local, state, and federal authorities through informal letter requests, public records requests, and subpoenas." *Id.* at 671. But the entities, "through a series of delaying tactics (*e.g.,* not responding in a timely fashion; asserting bureaucratic/technical objections that were later dropped), misrepresentations. . ., and/or strategic omissions (*e.g.,* redacting the officers' names from documents produced), . . . prevented [Plaintiff] from discovering the names" for over a year. *Id.* at 683. The federal government ultimately released the names less than a month after plaintiff's deadline for relation back under 15(c). *Id.* Plaintiff attached exhibits memorializing these efforts to his complaint and subsequently filed a motion to amend his complaint. *Id.*

Even though it was the agencies, and not technically the defendants themselves, that engaged in the delay and concealment tactics, the *Pike* court found that "[i]t would be nonsensical and patently unjust to find that claims against the Deputized Officers [] were not tolled, simply because it was their employer/deputizing authority that engaged in concealment." *Id.*

Here, Plaintiff did not present evidence of efforts to identify the unknown officer in the complaint or either amended complaint. Plaintiff's first attempt to introduce evidence of his efforts to ascertain Defendant's identity is in his response to Defendant's motion to dismiss. But, at the motion to dismiss stage, the Court may not consider facts or evidence outside of the pleadings. *See Blackwell v. Nocerini*, 123 F.4th 479, 486 (6th Cir. 2024) ("When deciding whether a complaint fails "to state a claim upon which relief can be granted," a court should typically limit itself to the well-pleaded allegations within the complaint's four corners.") And Plaintiff did not request leave to amend the complaint.

Accordingly, the Court cannot consider any new facts raised in Plaintiff's reply or any exhibits attached thereto. Without this, Plaintiff cannot carry his burden to establish an exception to the statute of limitations.

## IV. <u>CONCLUSION</u>

Plaintiff's claims against Defendant Turner do not relate back to the original filing under Federal Rule of Civil Procedure Rule 15(c)(1)(C) and would be time-barred by the applicable statute of limitations. Accordingly, the Court will **GRANT** Defendant Turner's motion to dismiss Plaintiff's claims against him (Doc. 32).

Plaintiff's claims against Defendant Nichols do relate back, are not barred by the statute of limitations, and thus Defendant Nichols's motion to dismiss (Doc. 13) will be **DENIED**.

**AN APPROPRIATE ORDER WILL ENTER.**

**/s/__________________________**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**